Bobby L. FORREST and Gerald E. Kiefer, d/b/a Forrest & Kiefer, Plaintiffs-Appellants,

v.

The CAPITAL BUILDINGS & LOAN ASSN. et al., Defendants-Appellees.

No. 74-1066.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1974.

Bobby L. Forrest, Gerald E. Kiefer, Samuel A. Bacot, Baton Rouge, La., for plaintiffs-appellants.

R. Gordon Kean, Jr., Robert L. Kleinpeter, Baton Rouge, La., for Baton Rouge Savings.

Ashton L. Stewart, Carlos G. Spaht, Baton Rouge, La., for Union Fed. Savings.

Nealon Stracener, Cyrus J. Greco, Baton Rouge, La., for Guaranty Fed. Savings.

Chapman L. Sanford, Baton Rouge, La., for Home Savings & Loan.

F. W. Middleton, Jr., Baton Rouge, La., for The Capital Bldg. & Loan.

Alton J. Reine, Jr., Baton Rouge, La., for Citizens Savings & Loan.

Roland C. Kizer, Lawrence Roe Dodd, Baton Rouge, La., for defendants-appellees.

Before TUTTLE, RONEY and GEE, Circuit Judges.

PER CURIAM:

Two lawyers challenge, as antitrust violations under sections 1 and 2 of the Sherman Act, the practice followed by each defendant savings and loan association in requiring its borrowers to pay the legal fees of attorneys selected by the savings and loan association to examine titles for it, render title opinions to it, and prepare the necessary security agreements, when lending its money.

Under plaintiffs' theory such requirement constitutes a tying arrangement by which the attorneys' services are tied to the extension of credit in restraint of free competition and the practice deprives the plaintiffs of law business.

We agree with the defendant associations that their procedures are in accordance with the basic and fundamental right of all persons to use counsel of their own choice and within the requirements of state and federal law. We agree with the district court's determination that this method of doing business does not constitute a sale of two products or a violation of the tied product prohibition of the antitrust laws.

The facts of the case and the legal basis for summary judgment for the de-

fendants are fully and sufficiently set forth in Judge James A. Comiskey's opinion published at 385 F.Supp. 831 (E.D.La.1974).

Affirmed.